IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>ANTONIO FRANCINE FLIGHT and KIM LYNNICE FLIGHT,<br><br>Debtors,<br>-----------------------------------------------------------<br>THE BENSON CONDOMINIUM OWNERS ASSOCIATION, a Washington non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>ANTONIO FRANCINE FLIGHT and KIM LYNNICE FLIGHT, individually and their marital community,<br><br>Defendants. | CHAPTER 13<br><br>NO. 14-16434-TWD<br><br>COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT<br><br>Adv. No. |

Plaintiff, The Benson Condominium Owners Association (the "Association"), by and through its undersigned counsel, hereby alleges as follows for its complaint against Antonio Francine Flight and Kim Lynnice Flight, individually and their martial community (collectively, the "Defendants").

**I. PROCEDURAL HISTORY**

This is an adversary proceeding brought pursuant to Part VII of the Federal Rules of Bankruptcy to determine the dischargeability of a debt owed by Defendants to the Association

COMPLAINT TO DETERMINE
DISCHARGEABILITY OF DEBT - 1

CURRAN LAW FIRM P.S.
555 West Smith Street
Post Office Box 140
Kent, Washington 98035-0140
(T) 253 852 2345 / (F) 253 852 2030

Case 14-01385-TWD    Doc 1    Filed 09/25/14    Ent. 09/25/14 14:49:43    Pg. 1 of 5

for condominium assessments that accrue post-filing of Defendants' Chapter 13 petition, which was filed on August 28, 2014 under cause number 14-16434.

## II. JURISDICTION AND VENUE

1. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

2. This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(L).

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1409(a).

## III. PARTIES

4. <u>Identity of Plaintiff</u>. The Association is a Washington non-profit corporation. The Association administers the affairs and business of The Benson, a Condominium, in accordance with the provisions of RCWs 64.32 and 64.34, and the Declaration and Covenants, Conditions, Restrictions, and Reservations for the Benson, a Condominium, recorded on April 11, 1977, under King County recording number 7711040936, and any and all amendments thereto (the "Declaration"), the Association's Bylaws, and Rules and Regulations (collectively, the "Governing Documents").

5. <u>Identity of Defendants</u>. Defendants Antonio Francine Flight and Kim Lynnice Flight, individually and their martial community are the owners of the property located at 1425 S. Puget Dr. #E-6, Renton, King County, Washington 98105 (the "Property"). The Property is located within The Benson, a Condominium.

## IV. FACTS

6. The Declaration is operative as a set of covenants running with the land for The Benson, a Condominium. All units within The Benson, a Condominium, and the owners thereof are subject to the covenants, conditions, restrictions and reservations contained in the Declaration.

7. The Declaration provides, in pertinent part, as follows:

COMPLAINT TO DETERMINE
DISCHARGEABILITY OF DEBT - 2

CURRAN LAW FIRM P.S.
555 West Smith Street
Post Office Box 140
Kent, Washington 98035-0140
(T) 253 852 2345 / (F) 253 852 2030

Case 14-01385-TWD    Doc 1    Filed 09/25/14    Ent. 09/25/14 14:49:43    Pg. 2 of 5

Section 12.2  Payment by Owners.

> Each owner shall be obligated to pay its share of common expenses and special charges made pursuant to this Article to the treasurer for the Association in equal monthly installments on or before the first day of each month during such year, or in such other reasonable manner as the Board shall designate. Any unpaid assessment or charge shall bear interest at the rate of ten percent (10%) per annum from due date until paid. The budget may be reviewed and revised by the membership at any annual meeting, or any special meeting called for such purpose, but if not so reviewed or if no change is made, shall be deemed approved.

Section 12.9  Lien Indebtedness.

> . . . The amount of any assessment or charge, whether regular or special, assessed or charged to any apartment and the owner and/or purchaser of any apartment, plus interest at the rate of ten percent (10%) per annum, and costs, including reasonable attorney's fees, shall be a lien upon such apartment, the appurtenant limited common area and the exclusive use thereof. . .

8. The Condominium Act, RCW 64.34.364(7), provides in pertinent part that "[r]ecording of the declaration constitutes record notice and perfection of the lien for assessments" and that no further recording of any claim of lien is required.

9. At all times relevant to this action, the Defendants had actual and record notice of the Declaration, the Association's lien rights, and their obligation to pay assessments, interest, late charges, collection costs, and attorneys' fees to the Association.

10. The Association was listed as a creditor in Defendant's Chapter 13 bankruptcy case, the voluntary petition for which was filed on August 28, 2014.

11. Defendants identified their unit in the Benson, #E-6 (the, "Property"), as secured property to be surrendered. The Property is legally described as follows:

> UNIT E-6, THE BENSON, A CONDOMINIUM, SURVEY MAP AND PLANS RECORDED IN VOLUME 14 OF CONDOMINIUMS, PAGE(S) 41 THROUGH 48, INCLUSIVE; CONDOMINIUM DECLARATION RECORDED UNDER RECORDING NUMBER(S) 7711040936 AND AMENDMENTS THERETO, IN KING COUNTY, WASHINGTON; TOGETHER WITH PARKING SPACE(S) 131 (LIMITED COMMON ELEMENTS); EXCEPT WEST 8 FEET OF COMMON AREA TAKEN FOR BENSON ROAD BY KING COUNTY SUPERIOR COURT CASE NUMBER 81-2-10994-2; AND EXCEPT

COMPLAINT TO DETERMINE
DISCHARGEABILITY OF DEBT - 3

**CURRAN** LAW FIRM P.S.
555 West Smith Street
Post Office Box 140
Kent, Washington 98035-0140
(T) 253 852 2345 / (F) 253 852 2030

Case 14-01385-TWD    Doc 1    Filed 09/25/14    Ent. 09/25/14 14:49:43    Pg. 3 of 5

PORTION OF COMMON AREA TAKEN FOR ROCKERY BY KING COUNTY
COURT CASE NUMBER 91-2-22272-9

SUBJECT TO: EASEMENTS, COVENANTS, CONDITIONS, RESTRICTIONS
AND RESERVATIONS OF RECORD

Tax Parcel Number(s): 073780-0810-03

12. Defendants' Chapter 13 plan does not propose to pay the Association for post-petition assessments that accrue during the pendency of Defendant's Chapter 13 bankruptcy, and Defendants have failed to pay post-petition assessments. The assessments are secured by the Association's assessment lien and as such the Association has a legal, equitable, or possessory ownership interest in the Property.

## V. CAUSE OF ACTION:
## DETERMINATION OF NON-DISCHARGEABLEABILITY

13. Pursuant to 11 U.S.C. § 1328(b)(c) and 523(a)(16), fees or assessments owed to a condominium association that become due and payable after the order for relief in a Chapter 13 bankruptcy case are non-dischargeable where a debtor has failed to complete payments under the plan, unless the debtor meets certain conditions for discharge under 11 U.S.C. § 1328(b);

14. The Defendants' plan does not account for post-petition assessments and, in fact, Defendants surrender the Property in their Chapter 13 plan. Regardless, the fees and assessments that accrue post-petition are a non-dischargeable debt.

15. The Association requests a determination that said assessments are non-dischargeable.

## VII. PRAYER FOR RELIEF

WHEREFORE, the Association requests that this Court enter judgment against Defendants as follows:

a. Declaring that condominium assessments, inclusive of interest, late fees, charges and attorney's fees and costs of collection, that accrue post-petition are non-

COMPLAINT TO DETERMINE
DISCHARGEABILITY OF DEBT - 4

**CURRAN** LAW FIRM P.S.
555 West Smith Street
Post Office Box 140
Kent, Washington 98035-0140
(T) 253 852 2345 / (F) 253 852 2030

Case 14-01385-TWD   Doc 1   Filed 09/25/14   Ent. 09/25/14 14:49:43   Pg. 4 of 5

1 dischargeable and continue to be non-dischargeable in Defendants' Chapter 13 bankruptcy
2 case;

3     b.    Declaring that Association's lien against the Property for unpaid condominium
4 assessments and fees is not extinguished and shall retain all rights and priorities existing prior
5 to the filing of Defendants' bankruptcy case;

6     c.    Directing the Defendants to modify the Chapter 13 plan to reflect the non-
7 dischargeability of condominium assessments and fees owning to the Association;

8     d.    Granting the Plaintiff its attorneys' fees and costs as the prevailing party; and

9     e.    Granting the Plaintiff all other relief as is just and proper.

10 Dated this 25th day of September, 2014.

**CURRAN LAW FIRM, P.S.**

/s/ J. David Huhs
J. David Huhs, WSBA #37990
Attorney for Plaintiff

COMPLAINT TO DETERMINE
DISCHARGEABILITY OF DEBT - 5

**CURRAN** LAW FIRM P.S.
555 West Smith Street
Post Office Box 140
Kent, Washington 98035-0140
(T) 253 852 2345 / (F) 253 852 2030

Case 14-01385-TWD    Doc 1    Filed 09/25/14    Ent. 09/25/14 14:49:43    Pg. 5 of 5